**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 14, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JULIAN HATCH, doing business as
Freedom From Religion; LYNNE
MITCHELL, doing business as Match,

      Plaintiffs-Appellants,

v.

BOULDER TOWN COUNCIL;
BOULDER PLANNING
COMMISSION,

      Defendants-Appellees.

No. 07-4239
(D.C. No. 2:01-CV-00071-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

Plaintiffs Julian Hatch, d/b/a Freedom From Religion, and Lynne Mitchell,

d/b/a Match, appeal from the district court's order granting summary judgment to

the defendants on all of the remaining claims in this civil rights action brought

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pursuant to 42 U.S.C. § 1983 and various state statutes. They also challenge the district court's decision striking their declarations filed in opposition to summary judgment. We affirm.

## BACKGROUND

Plaintiffs filed this case in January 2001, "alleging a plethora of constitutional violations concerning zoning, permitting and road maintenance issues." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1143 (10th Cir. 2006) (*Hatch I*). The district court granted summary judgment to the defendants, ruling that nearly all of plaintiffs' claims were precluded based on an earlier federal civil rights suit and a state-court petition for review. In *Hatch I*, we reversed this decision in part and remanded for further consideration of certain of plaintiffs' claims.

On remand, the district court entered a 62 page order granting summary judgment on all of plaintiffs' remaining claims. In that order, it also struck plaintiffs' declarations in opposition to summary judgment, reasoning that "[a]n entire affidavit may be disregarded if inadmissible matter is so interwoven or inextricably combined with the admissible portions that it is impossible, in the practical sense, to separate them." Order, Aplt. App. at 534 (quotation and footnote omitted).

## ANALYSIS

### 1. Motion to Strike

Defendants' motion to strike plaintiffs' declarations sought to exclude evidence and we therefore review the district court's grant of the motion for an abuse of discretion. *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1016 (10th Cir. 2002). "Under this standard we will not disturb the district court's decision unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (quotation omitted).

As plaintiffs point out, the general rule is that "a court will disregard only those portions of an affidavit that are inadmissible and consider the rest of it." *Casas Office Machines, Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 682 (1st Cir. 1994). *See also Jones v. Barnhart*, 349 F.3d 1260, 1270 (10th Cir. 2003). But an exception is made to that rule: "the entire affidavit may be disregarded if inadmissible matter is [so] interwoven or inextricably combined with the admissible portions that it is impossible, in the practical sense, to separate them." *Southern Concrete Co. v. United States Steel Corp.*, 394 F. Supp. 362, 380-81 (N.D. Ga. 1975), *aff'd*, 535 F.2d 313 (1976). Faced with literally hundreds of specific objections that covered many or most of the statements contained in nearly every paragraph of plaintiffs' lengthy declarations, which were filled with inadmissible evidence, conclusory statements, and argumentative rhetoric, the

-3-

district court declined to search plaintiffs' affidavits for admissible statements using the "needle-in-the-haystack" method, and instead struck them in their entirety. We cannot say the district court abused its discretion in doing so. Nevertheless, in an abundance of caution, we have parsed the declarations and find that the evidence contained therein properly considered under Fed. R. Civ. P. 56(e) would not change our decision to affirm the district court's order granting summary judgment for the defendants.

## 2. Summary Judgment

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *ACLU of New Mexico v. Santillanes*, 546 F.3d 1313 (10th Cir. 2008). "Summary judgment is appropriate when 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)). "We view the facts in the light most favorable to the nonmoving party." *Id.*

Having reviewed the district court's well-reasoned order on summary judgment, the record, the briefs, and the applicable law, we affirm the grant of summary judgment for substantially the reasons stated in the district court's order of summary judgment, dated October 10, 2007.

The judgment of the district court is AFFIRMED.  The defendants' motion to dismiss the appeal is denied.

ENTERED FOR THE COURT

PER CURIAM